George P. Blackburn, State's Atty., of Austin, for the State.

WOODLEY, Commissioner.

The conviction is for cattle theft; the punishment, 2 years in the penitentiary.

There are no formal bills of exception, and no index to exceptions in the statement of facts.

Riley Scales, the owner of the calf in question, testified that he fed his milk calf on Friday evening, but discovered that it was missing when he went to milk his cow the following morning. Upon investigation, he found a place where his fence was broken or pushed down. Nearby he found a rope which he identified as one he owned and had left in his barn. He discovered his calf in the afternoon of the same day in a neighbor's field.

Before daylight on this Saturday morning, James Phillips and his brother Robert, with a tractor, pulled a Ford car out of a ditch and down a public road for a mile to a point east of the Stroop place. Robert testified that he saw a calf in the Ford car between the front seat and the back. Charlie White and appellant were identified as the occupants of the Ford car.

After sunup, O. B. Stroop took his tractor to a place west of his home and pulled the car out of the mud.

Near the place where the car had last been stuck was found a yoke which was identified as being that which had been placed on the calf by Scales.

Mr. Stroop testified that he heard a calf bawling before Charlie White came to his home and asked him to pull the car out. He saw a calf near the back of his house at that time, which was identified as being the Scales calf. Tracks were observed leading from the place where the car had last stalled to the place where Mr. Stroop saw the calf near his home. The testimony shows that it was raining during the night, including the time when Phillips was pulling the car, and there were no other tracks on the road in the vicinity. Cow manure was found on the floor of the car when it was examined after appellant's arrest.

Appellant did not testify and offered no witnesses in his behalf.

The court submitted the case to the jury as one of circumstantial evidence, and we find the evidence sufficient to sustain the verdict.

The trial court properly declined to instruct the jury on the law of voluntary return of stolen property, Art. 1424, Vernon's Ann.P.C., there being no testimony that appellant voluntarily returned the calf to its owner before prosecution was commenced.

No error appearing, the judgment is affirmed.

Opinion approved by the Court.

**Charlie WHITE, Appellant, v. STATE, Appellee.**

No. 25772.

Court of Criminal Appeals of Texas.

March 26, 1952.

No attorney on appeal, for appellant.

George P. Blackburn, State's Atty., of Austin, for the State.

WOODLEY, Commissioner.

This is a companion case to that of Brown v. State, Tex.Cr.App., 247 S.W. 2d 256. Appellant was separately indicted for the theft of the same calf, and on a separate trial was also awarded a two year term in the penitentiary.

Appellant did not testify nor offer evidence in his behalf, and there are no bills of exception.

The evidence is substantially the same as that in Brown v. State, supra, and the identical question is raised as to the court's charge.

The judgment is affirmed.

Opinion approved by the Court.